UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

ALEX C. ALEXANDROU,

               Plaintiff,

-against-                                **MEMORANDUM AND ORDER**

PROVIDIAN BANK,                       04-CV-05660 (DLI)

               Defendant.
---------------------------------------------------------X

ALEX C. ALEXANDROU,

               Plaintiff,

-against-

DISCOVER,                                             04-CV-05661 (DLI)

               Defendant.
---------------------------------------------------------X

ALEX C. ALEXANDROU,

               Plaintiff,

-against-

CROSS COUNTRY BANK,            04-CV-05662 (DLI)

               Defendant.
---------------------------------------------------------X

ALEX C. ALEXANDROU,

               Plaintiff,

-against-

DIRECT MERCHANTS BANK,         05-CV-0050 (DLI)

             Defendant.
---------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ AUG 02 2005 ★
BROOKLYN OFFICE

IRIZARRY, United States District Judge:

Plaintiff, Alex C. Alexandrou, appearing *pro se,* filed these actions seeking confirmation of an arbitration award entered against each defendant. Plaintiff's complaints are consolidated solely for the purpose of this Order and are dismissed for lack of subject matter jurisdiction.

**Background**

Plaintiff filed these four actions to confirm and enforce arbitration awards issued by the Solomon Arbitration Group located in Helena Montana on December 30, 2003 against each of the named defendants. By Order dated March 4, 2005, the Court advised plaintiff that a federal district court lacks authority to confirm an arbitration award under the FAA where there is no independent basis for subject matter jurisdiction over the award. 9 U.S.C. § 9. The Court afforded plaintiff the opportunity to submit an amended complaint in each of these four actions alleging a basis for this Court's subject matter jurisdiction within thirty days.

Plaintiff sent a letter to the Court on March 23, 2005. Although the letter did not allege a basis for the Court's subject matter jurisdiction over his claims, United States Magistrate Judge Lois Bloom held a conference in these cases on June 6, 2005.[1] Defendants asserted that the Court lacks subject matter jurisdiction to hear plaintiff's claims. Nonetheless, defendants informed the Court on the record:

> Mr. Alexandrou, as far as I can tell, owes money to both my clients. I believe he's a victim of one of many credit card debt discharge schemes that are circulating right now; one of the most prominent is Credit Card Discharge.com. You can find it on the internet where they convince credit card holders that basically any debt that they have with a credit card company is illegitimate, that their agreements are invalid and then promote them to seek out a number of different illegitimate

---

[1]Although the Court sent the conference notice to all four defendants, only Cross Country Bank and Discover Bank were present at the conference

> arbitration forums. They end up getting a default judgment in the illegitimate arbitration forum, then they file in federal court and try to enforce the judgment and we end up there defending it normally with a motion to vacate the award or with an immediate motion to dismiss and as far as I know, they've always been granted.

Transcript of June 6, 2005 Conference ("Transcript") at 9-10. Defendants' counsel further informed the Court that the Solomon Arbitration Group was not recognized as a legitimate forum for arbitrating a dispute under the credit card agreement. Transcript at 3.

After addressing plaintiff's questions regarding the limited subject matter jurisdiction of the federal court, Magistrate Judge Bloom directed plaintiff to notify the Court in writing by June 20, 2005 whether he would withdraw the actions without prejudice. The Court stayed the defendants' response to plaintiff's complaints. Transcript at 23. The Court issued an Order on June 10, 2005 that advised plaintiff that if he did not voluntarily dismiss the cases, dismissal for lack of subject matter jurisdiction would be recommended. Plaintiff's letter to the Court dated June 12, 2005 provides no basis for the exercise of this Court's jurisdiction, leaving the Court with no option but to dismiss the action.

**Discussion**

A federal court may not entertain an action over which it has no jurisdiction. Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001) ("The absence of [subject matter] is non-waivable; before deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction."); Fed. R. Civ. P. 12 (h)(3). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented (28 U.S.C. § 1331), or plaintiff and defendant are of diverse citizenship

and the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332). "[I]n our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298 (2d Cir. 1994) (quoting Manway Constr. Co. Inc. v. Housing Authority of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983)). Moreover, "[w]here jurisdiction is lacking . . . dismissal is mandatory." Id.; see also Fed. R. Civ. P. 12 (h)(3).

A federal district court lacks authority to confirm an arbitration award under the FAA where there is no independent basis for subject matter jurisdiction over the award. 9 U.S.C. § 9; Perpetual Securities, Inc. v. Tang, 290 F.3d 132, 140 (2d Cir. 2002). "[T]he FAA creates a substantive body of law but it does not, by itself, confer federal question subject matter jurisdiction to the district courts to entertain claims brought under the Act." Id. (citing Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n. 32 (1983)). Since plaintiff has not asserted any independent basis for subject matter jurisdiction over his FAA claims, such as diversity of citizenship[2] or the existence of a federal question, plaintiff's complaints must be dismissed. Id.; Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 25-29 (2d Cir.2000) (Simply raising federal-law claims in the underlying arbitration is insufficient to supply this "independent basis.") see also Mercurio v. American Express Centurion Bank, 363 F. Supp. 2d 936 (N.D.Ohio 2005) (District Court lacks subject matter jurisdiction over credit card holder's proceeding to confirm arbitration award entered by Solomon Arbitration Group against issuer in amount of

---

[2]Plaintiff's claims do not satisfy the amount in controversy required for diversity jurisdiction.

4

$13,434, where holder failed to assert any independent basis for jurisdiction, and the matter in controversy precluded jurisdiction based on diversity of citizenship).

**Conclusion**

Accordingly, plaintiff's four complaints filed *in forma pauperis* are dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

DORA L. IRIZARRY<br>
United States District Judge

Dated: Brooklyn, New York
     July 29, 2005

Copies To:

Alex Alexandrou
901 Dekalb Ave C1
Brooklyn, NY 11221

Damian DiNicola, Esq.
Ballard Spahr Andrews & Ingersoll LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

Providian Bank
P.O. Box 660737
Dallas, TX 75266

Direct Merchants Bank
P.O. Box 60142
City of Industry, CA 91716-0142